```
               UNITED STATES DISTRICT COURT
             SOUTHERN DISTRICT OF MISSISSIPPI
                     WESTERN DIVISION


SUSAN HEWITT                                         PLAINTIFF


VS.                           CIVIL ACTION NO. 5:03CV333TSL-MTP


WYETH, INC., ET AL.                                  DEFENDANT
```

MEMORANDUM OPINION AND ORDER

This cause is before the court on the motion of defendants Wyeth, LLC and Wyeth Pharmaceuticals Inc. (Wyeth) for summary judgment on statute of limitations grounds.  Plaintiff Susan Hewitt has responded to the motion and the court, having considered the memoranda of authorities, together with attachments, submitted by the parties, concludes that Wyeth's motion is well taken and should be granted.

Plaintiff Susan Hewitt was diagnosed with breast cancer on October 3, 1998, for which she underwent surgery in November 1998. The surgery was successful in removing the cancer, and she has remained cancer-free since that time.  On December 21, 2002, Hewitt filed the present action against Wyeth on various products liability theories,[1] all based on the allegation that plaintiff's cancer was caused by her consumption of the hormone therapy medications Prempro and Premarin, which were manufactured,

---

[1] Plaintiff's complaint includes claims against Wyeth for negligence and gross negligence, strict liability, breach of express and implied warranties, misrepresentation and conspiracy.

marketed and distributed by Wyeth.[2]  By the present motion, Wyeth seeks dismissal of plaintiff's complaint, contending her claims are barred by Mississippi's "catch-all" three-year statute of limitations, <u>see</u> Miss. Code Ann. § 15-1-49(1) ("All actions for which no other period of limitation is prescribed shall be commenced within three (3) years next after the cause of such action accrued, and not after.").  Wyeth notes that § 15-1-49(2) establishes a latent injury discovery rule, as follows:

> In actions for which no other period of limitation is prescribed and which involve latent injury or disease, the cause of action does not accrue until the plaintiff has discovered, or by reasonable diligence should have discovered, the injury.

Wyeth contends this rule is applicable to plaintiff's claims since breast cancer is a "latent injury or disease"; and it submits that under this rule, as interpreted and applied by the Mississippi Supreme Court, Hewitt's claims accrued, and the limitations period began to run, at the time of her cancer diagnosis in October 1998, and that her lawsuit, filed more than four years later in December 2002, is untimely and therefore due to be dismissed.  Wyeth is clearly correct.

---

[2]   In addition to her claims against Wyeth, Hewitt asserted medical malpractice claims against her former gynecologists who had prescribed the Prempro/Premarin to plaintiff during the five years preceding her cancer diagnosis as hormone therapy to treat her severe perimenopausal symptoms.  These defendants were dismissed by agreed order on February 4, 2011.

In response to Wyeth's motion, plaintiff agrees that her claims are subject to the three-year limitations period of § 15-1-49(1) and to the latent discovery rule of § 15-1-49(2), which by its terms indicates that her claim accrued at the time she discovered her "injury." Yet she seems to suggest that since breast cancer can result from many different causes other than hormone replacement drugs, and since at the time of her diagnosis, the scientific community had not yet established (or at least had not published findings indicating) a causal link between hormone replacement drugs and breast cancer, then her claim did not accrue until July 2002, when the World Health Institutes published the results of a study ostensibly establishing this causal link. Plaintiff's position in this regard is contrary to Mississippi law.

Recently, in <u>Angle v. Koppers, Inc.</u>, the Mississippi Supreme Court held that in accordance with the plain language of § 15-1-49(2), a cause of action for recovery on account of latent disease or injury "accrues upon discovery of the injury, *not discovery of the injury and its cause*." 42 So. 3d 1, 3 (Miss. 2010). The plaintiff in <u>Angle</u> alleged various injuries, including breast cancer, as a result of exposure over a period of years to toxic chemicals released from railroad tank cars and trucks and from a wood-treatment facility near her residences. The court found the statute of limitations began to run on the plaintiff's

3

claim at the latest in 2001, the date she was last diagnosed with an injury or disease (which, as here, was breast cancer); and thus, her complaint, filed five years later, was untimely. The court wrote, "No provision of Section 15-1-49 provides that a plaintiff must have knowledge of the cause of the injury before the cause of action accrues, initiating the running of the statute of limitations." Id. at 7.

Notably in Angle, the court referenced its earlier opinion in Schiro v. American Tobacco Co., 611 So. 2d 962, 965 (Miss. 1992), as confusing the accrual issue by its comment, in dicta, that in 1981, the plaintiff "did not actually know that she had cancer, *an injury connected with smoking*. Thus, even if she had brought suit at this point, the claim would have been premature." Angle, 42 So. 3d at 6 (quoting Schiro, 611 So. 2d at 965 ). The Angle court clarified that in Shiro, "the proper inquiry under the statute should have been the plaintiff's discovery of the injury or disease, i.e., a diagnosis of cancer, not the discovery of a causative relationship between smoking and the cancer." Angle, 42 So. 3d at 6. Likewise in this case, the proper inquiry is the date of Hewitt's discovery that she had breast cancer, i.e., her injury or disease, not the date on which she purportedly discovered a causative relationship between hormone replacement drugs and the cancer. See also Lincoln Electric Co. V. McLemore, No. 2009-CA-00320-SCT (Miss. Dec. 9, 2010) ("As clarified in

4

Angle, Section 15-1-49 does not require a plaintiff to know the cause of the injury before accrual of the cause of action[,]" and thus "[u]nder Angle, knowledge of the cause of an injury is irrelevant to the analysis [under §15-1-49(2)"); Barnes ex rel. Barnes v. Koppers, Inc., 534 F.3d 357, 361 (5th Cir. 2008) (pre-Angle toxic tort case finding that cause of action accrued upon breast cancer diagnosis, not upon discovery of alleged cause of such cancer, since "under § 15-1-49, a cause of action accrues when the plaintiff has knowledge of the injury, not knowledge of the injury and its cause.").[3]

Based on the foregoing, it is apparent that summary judgment is in order, and therefore, it is ordered that Wyeth's motion is granted.

---

[3] Plaintiff's reliance on Donald v. Amoco Production Co., 735 So. 2d 161 (Miss. 1999), to avoid dismissal is misplaced. As described in Angle, the *injury* in Donald, contamination of the plaintiff's property with oil waste, was "'inherently undiscoverable,' and the cause of action had accrued upon discovery of the injury." Angle, 42 So. 3d at 7. As Wyeth notes, there was a question in Donald about whether the plaintiff knew he had been injured, since he was unaware of the radioactive nature of certain oil waste deposits buried on his property. See Donald, 735 So. 2d at 168 (Miss. 1999) (noting that discovery rule of § 15-1-49 is applicable "where the plaintiff will be *precluded from discovering the harm or injury* because of the secretive or inherently undiscoverable nature of the wrongdoing in question ... [o]r, the discovery exception may be applied *when it is unrealistic to expect a layman to perceive the injury* at the time of the wrongful act") (emphasis added). Here, unlike Donald, there is no question about when Hewitt learned of her injury.

A separate judgment will be entered in accordance with Rule 58 of the Federal Rules of Civil Procedure.

SO ORDERED this 7th day of July, 2011.

/s/ Tom S. Lee
UNITED STATES DISTRICT JUDGE